NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIRO SEQUEIRA, A Citizen of the United States of America, | No. 15-55417 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-04332-DMG-FFM |
| v. | |
| THE REPUBLIC OF NICARAGUA, a foreign Country; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Jairo Sequeira appeals pro se from the district court's orders dismissing his

action against the sovereign defendants for lack of subject matter jurisdiction and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissing his action against the individual defendants for lack of personal jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo subject matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), *Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 304-05 (9th Cir. 1997), and determinations as to personal jurisdiction, *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 608 (9th Cir. 2010). We affirm in part, vacate in part, and remand.

The district court dismissed Sequiera's first amended complaint against the sovereign defendants with prejudice because Sequeira did not produce evidence that an exception to immunity under the FSIA applied. However, Sequiera was not required to produce such evidence in response to a facial attack on subject matter jurisdiction. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012) (setting forth burden-shifting framework of the FISA and explaining that in facial jurisdictional challenges a presumption of truthfulness attaches to allegations in the complaint). We therefore reverse the dismissal of the claims against the sovereign defendants and remand for further proceedings.

The district court properly dismissed the second amended complaint against the individual defendants for lack of personal jurisdiction because the allegations did not establish that the individual defendants purposefully availed themselves of

2                                                                          15-55417

a United States forum, *see Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) (defendants did not assent to the forum selection clause), or purposefully directed any activities toward the United States, *see Love*, 611 F.3d at 609 (defendant's alleged intentional acts were not directed at the forum state).

Sequeira's motion to strike (Docket Entry No. 13) is granted insofar as it requests that we limit our review to the district court record. All other requests set forth in that motion (Docket Entry No. 13) are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**